IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Bobby Anderson, | ) | C/A No. 3:24-4117-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Judge Mangum; Officer Weiler; Officer Pendergrass; City of Columbia Municipal Court; Public Officers and Employees Liability Insurance Commission (POELIC), | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Bobby Anderson, a self-represented litigant and self-described "Israelite Moorish American," brings this civil rights action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to the court's prescreening procedures for *pro se* cases.

When he filed this case, Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 240), which the court construed as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915; (ECF No. 2.) Plaintiff did not fill out the form or provide any information about his financial condition. Instead, in pages attached to the form, Plaintiff sought *in forma pauperis* status based on his religious beliefs.

On August 2, 2024, the court issued an order directing Plaintiff to file the documents necessary to bring this case into proper form for the issuance and service of process. (ECF No. 7.) The court found that 28 U.S.C. § 1915 contemplates granting *in forma pauperis* status only where the plaintiff "is unable to pay" the filing fee. 28 U.S.C. § 1915(a); Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980) (stating that a district court's discretion to grant or deny an *in*

*forma pauperis* petition filed under § 1915 is limited to a determination of indigency). Therefore, the court instructed Plaintiff to fully complete the Form AO 240 before the court can consider his motion for leave to proceed *in forma pauperis*. The court also directed Plaintiff to submit other documents to the court, including answers to the court's interrogatories pursuant to Local Civil Rule 26.01 (D.S.C.). The order warned Plaintiff that his failure to comply with the order within the time permitted would subject his case to dismissal for failure to prosecute and for failure to comply with an order of the court under Rule 41 of the Federal Rules of Civil Procedure.

In response to the court's order, Plaintiff filed multiple motions and other filings seeking religious exemptions from not only paying the filing fee, but from completing the Form AO 240 or signing under penalty of perjury the answer to the court's interrogatories. (ECF Nos. 11, 13, 17, 18, 19.) Therefore, Plaintiff still has not paid the filing fee or filed a properly supported motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

Consequently, this matter should be summarily dismissed for Plaintiff's failure to comply with a court order and failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). A court may also *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630. Moreover, "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Federal Rule of Civil Procedure 41(b)).

Here, Plaintiff's failure to comply with the court's order justifies dismissal of this action because the court's August 2, 2024 order warned Plaintiff in bold lettering that this case would be dismissed if he failed to follow the court's instructions. See Ballard, 882 F.2d at 96; see also Lutfi v. Training Etc, Inc., 787 F. App'x 190, 191 (4th Cir. 2019) ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."). Because the court recommends dismissal of this matter prior to authorizing the issuance of the summons and service of process, the matter should be dismissed *without* prejudice. See Lutfi, 787 F. App'x at 191 (finding the district court did not abuse its discretion by dismissing a *pro se* litigant's complaint without prejudice where the litigant failed to comply with the court's order, noting the litigant could refile the action).

For the foregoing reasons, it is recommended that this action be summarily dismissed without prejudice. Consequently, Plaintiff's blank motion for leave to proceed *in forma pauperis* should also be denied.[1] (ECF No. 2.)

August 29, 2024
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[1] Further, Plaintiff's various motions should be denied as moot. (ECF Nos. 12, 17, 18, 19, 20.)

Page 3 of 4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).