IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Anderson,<br><br>                Plaintiff,<br><br>v.<br><br>Judge Mangum, in their individual capacity; Officer Pendergrass, in their individual capacity; City of Columbia Municipal Court; and Public Officers and Employees Liability Insurance Commission (POELIC),<br><br>                Defendants. | C/A No.: 3:24-cv-4117-SAL<br><br>**ORDER** |

Plaintiff Bobby Anderson, a *pro se* litigant, filed this action against the named defendants. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending summary dismissal of the case without prejudice. [ECF No. 23.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 4. Plaintiff filed objections. [ECF No. 27, 28, 30, 33, 36.] For the reasons that follow, the court overrules Plaintiff's objections and adopts the Report.

## BACKGROUND

The Report summarizes the relevant background in this case up to August 29, 2024, but a brief review is helpful here. In July 2024, Plaintiff, a self-represented litigant and self-described "Israelite Moorish American," filed this civil rights action. [ECF No. 1.] Along with his complaint, Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees ("Form AO 240"), which the court construed as a motion for leave to proceed in forma pauperis.

1

[ECF No. 2.]  In an addendum to that form, Plaintiff requested that the court grant him a waiver of the filing fees associated with his case based on his "sincerely held religious beliefs and . . . legal principles . . . ."  [ECF No. 2-1 at 1.]  He further argued that "fiat currency lacks intrinsic value as it is not backed by a precious metal like gold or silver, nor by any tangible asset or commodity."  *Id.* at 1.  According to Plaintiff, "[t]his absence of intrinsic value conflicts with my religious conviction that financial transactions should be based on honest and tangible standards."  *Id.*  And he further asserted his belief that "all debts have been canceled and paid in full by God.  This is a sincerely held religious belief that underpins my request for a fee waiver."  *Id.*

On August 2, 2024, the magistrate judge issued a proper form order directing Plaintiff to either pay the filing fee or provide a completed Form AO 240.  [ECF No. 7.]  The magistrate judge recognized that Plaintiff requested in forma pauperis status based on his religious beliefs but advised Plaintiff that "28 U.S.C. § 1915 contemplates granting in forma pauperis status only where the plaintiff 'is unable to pay' the filing fee."  *Id.* at 1.  Accordingly, Plaintiff was directed to submit the Form AO 240 for the court to consider his motion for leave to proceed in forma pauperis, or he could pay the full filing fee.

In response, Plaintiff filed multiple motions seeking to be exempt from prepayment of fees or costs.  *See* ECF Nos. 17, 18, 19.  In those motions, Plaintiff alleged, he is "a member of the Israelite Moorish American Autonomous Community and practice[s] [his] faith under religious and spiritual tenets that prohibit [him] from engaging in certain financial transactions that impose prepayment requirements."  [ECF No. 17 at 1.]  Plaintiff also filed a request for religious accommodation regarding Form AO 240.  [ECF No. 11.]  Plaintiff explained,

> [M]y faith holds that my material and legal needs are fulfilled by divine provision, and as such, the act of detailing my financial situation in a legal document conflicts with my spiritual principles.  Completing the form as required would be acknowledgement of financial status that I believe to be contrary to my religious

2

> understanding and practice. Therefore, I have left the application blank to adhere to my religious beliefs.

[ECF No. 11 at 1.] He, thus, asked the court to exempt him from paying a filing fee as he asserts it violates his religious convictions, and he also asks not to be required to fill out Form AO 240 as it also violates his religious convictions.

On August 29, 2024, the magistrate judge issued her Report recommending dismissal of this action for failure to comply with the court's instructions. [ECF No. 23.] As noted in the Report, despite filing multiple motions seeking exemption from paying the filing fee, Plaintiff failed to file a properly completed motion to proceed in forma pauperis. *Id.* at 2. The Report relies on Federal Rules of Civil Procedure 41(b) and the court's inherent authority to dismiss cases for lack of prosecution. *Id.* at 2 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")). And the magistrate judge reasons that dismissal without prejudice is appropriate in this case based on Plaintiff's failure to comply with the court's order. *Id.* at 3.

On September 6, 2024, the court received Plaintiff's objections to the Report. [ECF No. 27.] The court has also received multiple supplements to those objections. *See* ECF Nos. 28, 30, 33, 36. In his objections, Plaintiff offers again that his beliefs as an Israelite Moorish American "prohibit him from disclosing certain financial information." [ECF No. 27 at 1.] Initially, Plaintiff requested that the court accept information about his financial status via alternative means. *Id.* at 2 ("For example, the court could consider an affidavit that does not require a penalty-of-perjury statement, or it could accept other forms of financial documentation that align with Plaintiff's religious convictions."). However, he has since changed that position. He now indicates that

3

"[t]he act of providing financial documentation, as required by Form AO 240 or any alternative, would force Plaintiff to violate his religious beliefs by prioritizing wealth over his devotion to God." [ECF No. 39 at 1.] Plaintiff further states he "cannot, in good conscience, provide information that evaluates or discloses his material wealth, as it would conflict with his duty to prioritize spiritual obedience above all earthly possessions." *Id.* at 2.

Since the Report issued, Plaintiff has filed a number of additional motions, including a motion for certified copies of oath of office, motion for an expedited hearing, motion for a preliminary injunction, and a motion for writ of mandamus. *See* ECF Nos. 34, 37, 38, 39, 40.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460.

4

Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

As an initial matter, the court finds the Report provides the relevant law and properly applies the law to this case. The court adopts the Report in full and incorporates it by reference here.

Statutes require that civil litigants either pay a filing fee or receive authorization by a court to proceed in forma pauperis ("IFP") based on a submission of indigency. *See* 28 U.S.C. §§ 1914, 1915. The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the fee. *See Bruce v. Samuels*, 577 U.S. 82, 85–86. While a plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute," *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00," *Justice v. Granville Cty. Bd. of Educ.*, 2012 WL 1801949, *3 (E.D.N.C. May 17, 2012) (denying IFP status), *aff'd* 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert. denied* 133 S. Ct. 1657 (2013). It is within the court's discretion

5

to authorize IFP status. *Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968) (describing the privilege of proceeding in forma pauperis as "a privilege, not a right"). Here, Plaintiff has refused to comply with this court's orders directing him to either pay the filing fee or submit a properly completed Form AO 240 in order to bring this case into proper form. Thus, as explained in the Report, this case is subject to summary dismissal under Fed. R. Civ. P. 41(b).

Plaintiff objects. And while he has submitted many documents outlining and refining his objections, his arguments boil down to the same issues he raised to the magistrate judge—he claims that both the payment of a filing fee and the submission of Form AO 240 violate his right to freely exercise his religion, and he argues that by requiring one or the other, the court is violating his rights under the constitution[1] and the Religious Freedom Restoration Act ("RFRA"). *See* ECF Nos. 27, 28, 30, 33, 36. He initially asks for an accommodation and submits that he has made good faith efforts to comply with this court's rules and that there are alternative means through which he can comply. *See* ECF No. 27 at 2. However, at this point, Plaintiff admits there is no documentation he could submit to the court to demonstrate his indigent status. *See* ECF No. 39 at 2. Statute requires that Plaintiff either pay the filing fee to institute his civil action or that he be given authorization to commence this suit after submission of "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915. The court agrees with the Report—the consideration of Plaintiff's motion to proceed in forma pauperis is limited to consideration of his indigency, and Plaintiff refuses to provide the relevant information. Many courts have similarly denied IFP status to parties who identify as part of a "Moorish" group and who have refused to submit the required financial affidavits for consideration of IFP status. *See Bey v. Brown*, 2021 WL 3836818, at *2

---

[1] Petitioner references his First, Fifth, Ninth, and Fourteenth throughout his objections.

(D. Conn. Aug. 24, 2021) (recommending denial of an IFP motion and further noting attempts to proceed without submitting the required financial affidavits have been "summarily rejected by the courts") (citing *Bey v. Queens Cty.*, No. 19CV02038(WFK)(PK), 2019 WL 11690197, at *1 (E.D.N.Y. May 1, 2019) ("Plaintiff's argument appears to be that because they are Moorish Nationals . . . they do not have to provide information necessary for this Court to determine if they should be permitted to proceed without paying the filing fee.")). The court must overrule Plaintiff's objections. Notwithstanding Plaintiff's claims about various religious objections,[2] the

---

[2] Notably, Plaintiff identifies himself as an "Israelite Moorish American," but it is not clear whether that is his religion, nationality, or a "sovereign citizen" group that he identifies with. The United States District Court, District of New Jersey offers the following description of the interplay between the Moorish movement and sovereign citizens:

> Two concepts, which may or may not operate as interrelated, color the issues at hand. One of these concepts underlies ethnic/religious identification movement of certain groups of individuals who refer to themselves as "Moors," while the other concept provides the basis for another movement of certain groups of individuals, which frequently produces these individuals' denouncements of United States citizenship, self-declaration of other, imaginary "citizenship" and accompanying self-declaration of equally imaginary "diplomatic immunity."

*Abdullah v. New Jersey*, Civil Action No. 12-4202 (RBK), 2012 WL 2916738, at *2 (D.N.J. July 16, 2012). As explained in *Abdullah*, "'[t]he Moorish Science Temple of America is a black Islamic sect . . . . [T]hree-fourths of its temples (congregations) are inside prisons. The Moors, as adherents to the Moorish Science Temple are called, have their own version of the Koran and a list of prophets . . . .'" *Id.* (quoting *Bey v. Lane*, 863 F.2d 1308, 1309 (7th Cir. 1988)). Another movement, "dubbed as [the] 'sovereign citizen' movement" involves "right-wing anarchist ideology . . . . Its adherents believe that virtually all existing government in the United States is illegitimate . . . ." *Id.* But there can be interplay between the Moorish and sovereign citizen movements:

> It does not appear that one's Moorish ethnic roots (or Moorish religious convictions, or both) have any reason to go hand-in-hand with one's adhesion to the sovereign citizen movement . . . . However, and unfortunately enough, certain groups of individuals began merging these concepts by building on their alleged ancestry in ancient Moors (and/or on their alleged or actual adhesion to Moorish religious convictions) for the purposes of committing criminal offenses and/or initiating frivolous legal actions on the grounds of their self-granted "diplomatic immunity," which these individuals deduce either from their self-granted "Moorish

7

court cannot conclude Plaintiff is indigent absent any evidence to demonstrate such indigency, nor can it waive the filing fee unless indigency is established.

The court has thoroughly reviewed the record. For the reasons outlined above and in the Report, which is adopted here, the court **SUMMARILY DISMISSES** the complaint without prejudice and also **DENIES** Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2. All other pending motions are **DISMISSED AS MOOT**.

    **IT IS SO ORDERED.**

October 23, 2024                                           Sherri A. Lydon
Columbia, South Carolina                  United States District Judge

---

citizenship" and from their correspondingly-produced homemade "Moorish" documents . . . of from a multitude of other, equally non-cognizable under the law, bases, which these individuals keep creating in order to support their allegations of "diplomatic immunity."

*Id.* at *3 (quoting *Murakush Caliphate of Amexem v. New Jersey*, 790 F. Supp. 2d 241, 245 (D.N.J. May 13, 2011)).

Some of Plaintiff's initial arguments regarding his objection to paying a filing fee with currency that is not backed by "gold and silver" echo sovereign citizen arguments. *Cf.* ECF No. 2-1 at 1; *Bey v. Campanelli*, 19-cv-5304(RRM)(PK), 2019 WL 6173344, at *1 (E.D.N.Y. Nov. 20, 2019) (finding the contention "that 'all court fees should be waived' because gold and silver coins are the only 'lawful money' . . . meritless" and further noting "this argument originates in Moorish-American literature" and that courts have "repeatedly" rejected similar arguments). Further, Plaintiff repeatedly cites to the Bible, but it appears the Moorish Science Temple of America is a sect of Islam.